**In re the Petition for DISCIPLINARY ACTION AGAINST Harald F. HENDRICKSEN, an Attorney at Law of the State of Minnesota.**

No. C2–90–1927.

Supreme Court of Minnesota.

Dec. 9, 1991.

## ORDER

On November 15, 1990, this court indefinitely suspended the respondent, Harald F. Hendricksen, from the practice of law because he had misappropriated funds from his client trust account. *In re Hendricksen,* 462 N.W.2d 594 (Minn.1990). Thereafter, in April and June of 1991, the Director of the Lawyers Professional Responsibility Board filed a petition and supplementary petition for discipline with this Court alleging that the respondent has committed additional professional misconduct warranting public discipline. In the petition and supplementary petition, the Director alleges that respondent made false statements to his clients, engaged in the unauthorized practice of law, assisted another in the unauthorized practice of law, failed to communicate with clients, failed to timely return a client file upon the client's request, failed to notify clients, opposing counsel and courts of his suspension, and submitted false affidavits to and failed to cooperate with the Director's Office after his original suspension.

On June 21, 1991, a hearing on the petition for disciplinary action was held before a referee of this court. Thereafter, the referee filed his findings of fact, conclusions of law, and recommendation for discipline with this court, in which the referee concluded that respondent had engaged in the misconduct alleged in the petition and supplementary petition. The referee cited as mitigating factors respondent's alcoholism, respondent's voluntary disclosure of his misconduct and alcoholism to the Director's Office, respondent's completion of an alcoholism treatment program, and respondent's lack of bad faith or improper motive in dealing with his clients. On October 21, 1991, the Director filed a stipulation between respondent and the Director in which respondent and the Director waived briefing and oral argument before this court and stipulated that the referee's findings of fact and conclusions of law are conclusive. Respondent and the Director joined in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is continued indefinite suspension as recommended by the referee. Respondent further agreed that the Director may recover costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the indefinite suspension of respondent, Harald F. Hendricksen, hereby is continued, pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility.

2. That respondent shall not be permitted to apply for reinstatement until the following conditions have been met:

a. Respondent shall make restitution of all funds which respondent misappropriated, together with interest as appropriate. The exact amount of such misappropriated funds shall be determined by the Director;

b. Respondent shall take and successfully complete either a course on legal ethics from an accredited law school or a course on legal ethics approved by the Board of Continuing Legal Education;

c. Respondent shall comply fully with the notification requirements of Rule 26, Rules on Lawyers Professional Responsibility;

d. Respondent shall notify the testators in all cases in which respondent improperly executed a will and shall pay for all expenses incurred in having other counsel re-execute the wills;

e. Respondent shall notify the attorney-in-fact in all cases in which respondent improperly executed a power of attorney and shall pay for all expenses incurred in having other counsel re-execute the powers of attorney;

f. Respondent shall make payment to the Lawyers Trust Account Board of interest on all amounts which respondent was required to hold in his account at the rate of 6% per annum. The exact amount of such interest shall be determined by the Director;

g. Respondent shall comply fully with the reinstatement requirements of Rule 18(e), Rules on Lawyers Professional Responsibility;

h. Respondent shall provide documented proof of his sobriety for a period of at least 18 months.

3. That, if and when this court reinstates respondent, respondent shall be placed on probation for a period of 1 year.

4. That respondent shall pay to the Director all reasonable costs and disbursements incurred by the Director in these proceedings, pursuant to Rule 24, Rules on Lawyers Professional Responsibility.